**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACOB WILSON, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 1:24-cv-08809-DEH |
| XEROX HOLDINGS CORPORATION, STEVEN J. BANDROWCZAK, and XAVIER HEISS, | Hon. Dale E. Ho |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF RICHARD A. HARRISON AND THE
HARRISON LIVING TRUST, DATED DECEMBER 14, 2004'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
<u>OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.  FACTUAL BACKGROUND ................................................................................................ 2

II.  PROCEDURAL HISTORY .............................................................................................. 4

III.  ARGUMENT ................................................................................................................... 4

    A.  Appointing Movant as Lead Plaintiff Is Appropriate ...................................................... 4

        1.  Movant Filed a Timely Motion. ............................................................................... 5

        2.  Movant Has the Largest Financial Interest in the Relief Sought. .............................. 6

        3.  Movant Satisfies the Relevant Requirements of Rule 23. ......................................... 7

            a.  Movant's Claims Are Typical. ........................................................................... 7

            b.  Movant Is An Adequate Representative. ............................................................ 8

    B.  Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................................... 9

IV.  CONCLUSION ................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
    324 F. Supp. 3d 335 (E.D.N.Y. 2018) .............................................................................. 5, 6

*In re Cendant Corp.*,
    264 F.3d 201 (3d Cir. 2001)................................................................................................... 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 8

*In re E-Trade Financial Corp.* Securuties Litigation,
    No. 07-cv-8538 (S.D.N.Y.)..................................................................................................... 9

*Ford v. VOXX Int'l Corp.,*
    No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015)................................ 7

*In re Gentiva Sec. Litig.,*
    281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................ 7

*Gurevitch v. KeyCorp, et al.*,
    No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ................................................................... 10

*In re Hebron Tech. Co. Sec. Litig.,*
    C.A. No. 1:20-cv-4450-PAE, 2020 WL 5548856 XRX(S.D.N.Y. Sep. 16, 2020) ................. 6

*Jaramillo v. Dish Network Corporation, et al.*,
    No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)....................................................................... 10

Kuriakose v. Fed. Home Loan Mortg. Co.,
    No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
    No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ........................................................................ 10

*Petersen v. Stem, Inc. et. al.,*
    No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023)...................................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ....................................................................... 10

*Solomon v. Peloton Interactive, Inc. et al.,*
    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ....................................................................... 10

*In re Tesla Inc. Securities Litigation,*
    No. 3:18-cv-4865 (N.D. Cal.) ................................................................................................ 9

*Thant v. Rain Oncology Inc. et al.*,
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................. 10

*Thant v. Veru, Inc. et al.*,
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023).......................................................... 10

*In re U.S. Steel Securities Litigation*,
   No. 2:17-579-CB (W.D. Pa.) .................................................................................... 9

*Villanueva v. Proterra Inc. et al.*,
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ........................................................ 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ..................................... 8

**Statutes**

15 U.S.C. § 78u-4 .............................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................. 1, 5, 7

iv

Richard A. Harrison, individually and on behalf of the HARRISON LIVING TRUST, dated December 14, 2004 ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Xerox Holdings Corporation ("Xerox" or the "Company") securities between January 25, 2024 and October 28, 2024, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Xerox, Steven J. Bandrowczak ("Bandrowczak"), and Xavier Heiss ("Heiss") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Xerox and its subsidiaries offer workplace technology that integrates hardware, services, and software for enterprises in the Americas, and internationally. ¶ 2.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 8. Specifically, Defendants failed to disclose to investors: (1) that, after a large workforce reduction, the Company's salesforce was reorganized with new territory assignments and account coverage; (2) that, as a result, the Company's salesforce productivity was disrupted; (3) that, as a result, the Company had a lower rate of sell-through of older products; (4) that the difficulties in flushing out older product would delay the launch of key products; (5) that, as a result, Xerox was likely to experience lower sales and revenue; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

Xerox introduced an organizational overhaul in October 2023, which it dubbed the "Reinvention." ¶ 3. Xerox described the Reinvention as a three-pronged approach. First, geographic optimization, taking a more selective approach to direct operations in certain markets, and when appropriate, shifting to a partner-led distribution model. Second, streamlining product offerings, including shifting the Company's core business to increase focus on its emerging digital

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Wilson* Complaint") filed in the action styled *Wilson v. Xerox Holdings Corporation., et. al.,* Case No. 1:24-cv-08809-DEH (the "*Wilson* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Wilson* Complaint. The facts set forth in the *Wilson* Complaint are incorporated herein by reference.

and IT services. Third, increasing "operating efficiencies" through an "end-to-end organizational and structural simplification." *Id.* On January 3, 2024, the Company announced the next stage of the Company's "operating model evolution" which included shifting to a "business unit operating model," consolidating groups under a "Global Business Services organization," and a layoff of 15% of the Company's workforce. *Id.*

The truth of effects the Company's Reinvention began to emerge before the market opened on April 23, 2024, when the Company revealed that for second quarter 2024, quarterly revenue was down 12.4% year-over-year to $1.50 billion, net loss fell to -$113 million (down $184 million year-over-year), and equipment sales declined 25.8% year-over-year to $290 million. ¶ 4. Xerox admitted, in part, "***geographic simplification***" had driven the year-over-year decline. *Id.* The Company also partially disclosed that the Reinvention plan had been "***initially disruptive to sales operations***" but assured investors it was "seeing the benefits of the new business unit-led operating model in equipment order momentum." *Id.*

In response to this news, Xerox's share price dropped 10.11%, or $1.66, to close at $14.76 per share on April 23, 2024, on unusually heavy trading volume. ¶ 5.

Then, before the market opened on October 29, 2024, the Company revealed "***lower-than-expected improvements in sales force productivity***" and "***delays in the global launch of two new products***" had led to "***sales underperformance***." ¶ 6. The Company disclosed that for third quarter 2024, quarterly revenue was down 7.5% year-over-year to $1.53 billion, net loss fell to - $1.2 billion (down $1.3 billion year-over-year), and equipment sales declined 12.2% year over year to $339 million. *Id.* In a corresponding earnings call, the Company's Chief Operating Officer John Bruno revealed the product delay was in fact a "forecasting issue" where the Company "had higher expectations that we were going to flush through the older product" which it needed to "sell

through" in order to "make those transitions." *Id.*

As the market digested this news, Xerox's share price declined 17.41%, or $1.79, to close on October 29, 2024 at $8.49 per share, on unusually heavy trading volume. ¶ 7.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Wilson* Action against the Defendants.[2] Plaintiff Jacob Wilson ("Wilson") commenced the first-filed action on November 19, 2024. On that same day, counsel acting on Wilson's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

---

[2] On January 14, 2025, Victor LaVallee filed an action against Xerox in this Court, entitled *LaVallee v. Bandrowczak, et al.,* Case No. 1:25-cv-00371-DEH (the "*LaVallee* Action"). Movant intends to object to consolidation of the *Wilson* Action and *LaVallee* Action given the differences in the allegations and the fact that the second complaint is a shareholder derivative complaint.

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $15,745.27 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.       **Movant Filed a Timely Motion.**

On November 19, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Wilson published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Xerox securities that they had 60 days from the publication of the J November 19, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex.

5

C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 WL 5548856, at *2 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the November 19, 2024 Press Release and submitted herewith a sworn certification attaching his transactions in Xerox securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.    Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Xerox securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $15,745.27. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at *3 (E.D.N.Y. Apr. 16, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning

7

Xerox's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Xerox securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Mr. Harrison considers himself to be a sophisticated investor, having been investing in the stock market for over 40 years. He resides in Cave Creek, Arizona, and possesses a Bachelor of Business Administration in Accounting. He is currently semi-retired as President of Harrison CPA & Consulting, P.C., a tax compliance, tax preparation, and business consulting firm, which has been in business since 1995. Further, Mr. Harrison has experience overseeing attorneys, as he has hired attorneys for real estate, small claims, and estate planning matters. Mr. Harrison is co-trustee of the HARRISON LIVING TRUST, dated December 14, 2004

(the "Trust"). As co-trustee, he is individually authorized to act on behalf of the Trust in all respects, including this lawsuit. All transactions in Xerox made in the Trust's account that are the subject of the Actions were executed by Mr. Harrison. Mr. Harrison also individually invested in Xerox. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from

9

August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

10

Dated: January 21, 2025

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Richard A. Harrison,
individually and on behalf of the
HARRISON LIVING TRUST, dated
December 14, 2004, and [Proposed] Lead
Counsel for the Class*

11