

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Adam M. Apton**
aapton@zlk.com

<u>**VIA CM/ECF**</u>                                                                          January 24, 2025

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***Wilson v. Xerox Holdings Corporation., et. al.***
          **Case No. 1:24-cv-08809-DEH (S.D.N.Y.)**

Dear Judge Ho:

Our office represents Richard A. Harrison, individually and on behalf of the Harrison Living Trust ("Mr. Harrison"), in the above-referenced matter. Mr. Harrison is a potential class member who moved for lead plaintiff earlier this week. *See* Dkt. No. 23. We respectfully refer to the Court's Order dated January 17, 2025, concerning consolidation of this action with the *LaVallee* action. Dkt. No. 18.

Consolidation would not be appropriate in this instance. In short, the above-referenced action, the *Wilson* action, is a class action lawsuit asserting direct claims against Xerox and its executive officers. The *LaVallee* action is a shareholder derivative action where the plaintiff is asserting breach of fiduciary claims on behalf of Xerox against its board of directors. Consequently, the plaintiffs in the actions are opposed to one another and create a conflict.

This sort of conflict is routinely recognized by courts. *See*, *e.g.*, *Bristol Cty. Ret. Sys. v. Quidelortho Corp.*, No. 24-cv-2804 (MKV), 2024 U.S. Dist. LEXIS 227121, at *13-14 (S.D.N.Y. Dec. 16, 2024) ("The Court declines, however, to consolidate the Securities Action with the Derivative Actions at this time. The 'common approach' in this District is to allow 'federal securities and derivative' actions 'to proceed separately.'"); *Tuscano v. Tuscano*, 403 F. Supp. 2d 214, 223 (E.D.N.Y. 2005) ("Any individual claims raised by a shareholder in a derivative action present an impermissible conflict of interest."). Thus, even though the subject matter of the cases may be similar and there appears to be overlap between some of the defendants, the divergence of interests between the two plaintiffs stand in the way of consolidation. Respectfully, we request that the two actions *not* be consolidated.

Respectfully,

**LEVI & KORSINSKY, LLP**

 /s/ *Adam M. Apton*
Adam M. Apton