**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACOB WILSON, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 1:24-cv-08809-DEH |
| XEROX HOLDINGS CORPORATION, STEVEN J. BANDROWCZAK, and XAVIER HEISS, | Hon. Dale E. Ho |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF RICHARD A. HARRISON**
**AND THE HARRISON LIVING TRUST'S MOTION FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................. 1

II.     ARGUMENT ......................................................................................................... 2

    A.    The PSLRA Process............................................................................................ 2

    B.    Mr. Harrison Is the Presumptive Lead Plaintiff.............................................. 4

        1.   *Mr. Harrison Has the Largest Financial Interest.* ...................................... 4

        2.   *Mr. Harrison Meets the Typicality and Adequacy Requirements of Rule 23.* ............. 5

    C.    No Proof Exists to Rebut the Presumption in Favor of Mr. Harrison's Appointment as Lead Plaintiff. ......................................................................... 7

III.    CONCLUSION...................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,*
  258 F.R.D. 260 (S.D.N.Y. 2009) ............................................................................ 5

*Chauhan v. Intercept Pharms.,*
  No. 21-cv-00036 (LJL), 2021 U.S. Dist. LEXIS 13369 (S.D.N.Y. Jan. 25, 2021) .................. 6

*In re Facebook, Inc.,*
  288 F.R.D. 26 (S.D.N.Y. Dec. 6, 2012) .................................................................... 8

*Faris v. Longtop Fin. Techs. Ltd.,*
  No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH)
  P96,562 (S.D.N.Y. Oct. 4, 2011) ............................................................................ 5

*Foley v. Transocean Ltd.,*
  272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................ 6, 8

*Freudenberg v. E\*Trade Fin. Corp.,*
  No. 07 Civ. 8538, et. al., 2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) ................ 6

*In re Fuwei Films Sec. Litig.,*
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................ 4

*Glavan v. Revolution Lighting Techs., Inc.,*
  No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019) ............. 1, 4

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC,*
  616 F. Supp. 2d 461 (S.D.N.Y. 2009) ...................................................................... 3

*Kaplan v. Gelfond,*
  240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................. 1

*In re Turquoise Hill Res. Ltd.,*
  No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840 (S.D.N.Y. Jan. 15, 2021) ...................... 8

*In re Veeco Instruments, Inc.,*
  233 F.R.D. 330 (S.D.N.Y. 2005) ............................................................................ 4

**Statutes**

15 U.S.C. § 78u-4 ................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................ 2, 5, 6, 7

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in this case and, under the PSLRA, movant Richard A. Harrison, individually and on behalf of the HARRISON LIVING TRUST, dated December 14, 2004 (collectively "Mr. Harrison"), should be appointed as lead plaintiff and his attorneys approved as lead counsel for the class.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Harrison has the largest financial interest under the four factors "[c]ourts in this Circuit have traditionally examined," which are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period" (the "*Olsten/Lax* factors"). *See Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019). Of the four factors, the fourth factor, the "approximate loss suffered," is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

As demonstrated below, pursuant to the widely-accepted *Olsten/Lax* factors, Mr. Harrison possesses the largest financial interest under all four factors, including the most important, approximate loss:

| Movant | Gross Shares | Net Shares | Net Funds | Claimed Losses |
|---|---|---|---|---|
| **Richard A. Harrison** | 3,000 | 3,000 | $43,905.00 | $15,745.27 |
| **Jacob Wilson** | 2,000 | 2,000 | $27,560.00 | $10,070.18 |

*See* ECF Nos. 22-3 and 25-2.

In addition to having the "largest financial interest" in the litigation, Mr. Harrison is typical of his fellow class members and certainly meets the adequacy requirements under Federal Rule of Civil Procedure 23(a). Mr. Harrison acquired Xerox Holdings Corporation ("Xerox" or the "Company") securities during the Class Period, including both common stock and options. *See* Harrison Certification, ECF No. 25-1. Further, Mr. Harrison considers himself to be a sophisticated investor with over 40 years of investment experience. He also possesses a Bachelor's degree in Business Administration in Accounting. With his experience overseeing attorneys for various matters over the years (*e.g.*, real estate, small claims, and estate planning matters), his background and qualifications make him ideally suited to serve as the lead plaintiff in this lawsuit. *See* Mr. Harrison's Declaration, ECF No. 25-4.

There can be no dispute that Mr. Harrison holds the "largest financial interest" in the Actions and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Since the other competing movant is unable to rebut this presumption with proof that Mr. Harrison is somehow atypical or inadequate, Mr. Harrison is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Harrison respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to

2

file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). This straightforward leadership selection provides that the "person or group of persons" with the largest loss is the presumptive lead plaintiff and must be appointed lead so long as it is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). Congress created the lead plaintiff presumption because it believed that the movant with the largest loss would be most incentivized to actively prosecute the securities class action and monitor counsel:

> Further, the provisions created a "rebuttable presumption" that the most "adequate plaintiff" is, *inter alia*, the person or group of persons that "has the largest financial interest in the relief sought by the class." "The theory of these provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price."[1]

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 464 (S.D.N.Y. 2009).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

---

[1] Unless otherwise noted, citations are omitted, and emphasis is added.

3

B.    **Mr. Harrison Is the Presumptive Lead Plaintiff.**

1.    *Mr. Harrison Has the Largest Financial Interest.*

When evaluating "financial interest" at the lead plaintiff stage, "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and"(4) the approximate loss suffered during the class period." *Glavan*, 2019 U.S. Dist. LEXIS 125960, at *8 (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005); *see also In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*").

As demonstrated in the following table, Mr. Harrison has the largest financial interest in the litigation:

| Movant | Gross Shares | Net Shares | Net Funds | Claimed Losses |
|---|---|---|---|---|
| Richard A. Harrison | 3,000 | 3,000 | $43,905.00 | $15,745.27 |
| Jacob Wilson | 2,000 | 2,000 | $27,560.00 | $10,070.18 |

*See* ECF Nos. 22-3 and 25-2.

Mr. Harrison possesses the largest financial interest compared to the only other competing movant, Jacob Wilson, under all four of the *Olsten/Lax* factors. Mr. Harrison suffered the largest loss, acquired the most shares, retained the most shares, and expended the most funds compared to Mr. Wilson. Thus, Mr. Harrison, with his claimed loss of $15,745.27, indisputably possesses the largest financial interest in the outcome of the litigation.

2. *Mr. Harrison Meets the Typicality and Adequacy Requirements of Rule 23.*

In addition to possessing the largest financial interest, Mr. Harrison satisfies the adequacy and typicality requirements of Rule 23. "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH) P96,562, at \*12 (S.D.N.Y. Oct. 4, 2011) (quoting *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009)).

"Typicality 'requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. Mr. Harrison's claims are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members because he acquired Xerox securities at prices that were artificially inflated by Defendants' misconduct and suffered losses when the truth was revealed. Mr. Harrison is, and will be, pursuing the same theory of liability as all other Class Members. *See* Memorandum in Support of Motion, ECF No. 24, pp. 7-8.

Mr. Harrison's trading history bears this out. He purchased 3,000 shares of common stock on the open market during the Class Period and, in connection with those purchases, lost approximately $16,500. *See* ECF No. 25-2. At the same time, he sold call options (in an effort to hedge his position) that he later closed by buying back. *See id.*[2] Mr. Harrison received proceeds

---

[2] Mr. Harrison's option transaction strategy is commonly referred to as a "covered call" strategy. A "covered call" strategy is intended to limit risk. It allows the shareholder to generate income (by collecting the premium from the option sale) while still retaining ownership of the underlying

from the option transactions (less than $2,000) but not enough to offset the overall losses caused by Defendants' alleged fraud. *See id*. (calculating net loss of $15,745.27 between stock and option transactions). Mr. Harrison's transactions in stock and options makes him ideally suited to represent the class, which is defined to include all "persons and entities that purchased or otherwise acquired Xerox securities" during the Class Period. *See* ECF No. 1, ¶1. Consequently, Mr. Harrison serves the best interests of the class, given the fact that he can represent both common stock purchasers and option purchasers and, therefore, provide the best and most complete representation of the Xerox investors comprising the alleged Class. *Freudenberg v. E\*Trade Fin. Corp.*, No. 07 Civ. 8538, et. al., 2008 U.S. Dist. LEXIS 62767, at \*15-17 (S.D.N.Y. July 16, 2008) (courts "often appoint [as lead plaintiff] purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned") (collecting cases).

In addition to meeting the "typicality" requirements under Rule 23, Mr. Harrison also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Mr. Harrison must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Mr. Harrison is more than qualified to serve as lead plaintiff, as he has a Bachelor of Business Administration in Accounting. *See* Mr. Harrison's

---

security (because they believe it will increase in price). "A covered call is an options trading strategy designed to hedge against risk. . . . Courts have rejected the argument that the use of sophisticated investment strategies disqualifies a party from serving as lead plaintiff or necessarily undermines reliance, particularly at this stage of the litigation." *Chauhan v. Intercept Pharms.*, No. 21-cv-00036 (LJL), 2021 U.S. Dist. LEXIS 13369, at \*19-20 (S.D.N.Y. Jan. 25, 2021).

Declaration, ECF No. 25-4. Mr. Harrison considers himself to be a sophisticated investor, having been investing in the stock market for over 40 years. *Id*. He resides in Cave Creek, Arizona, and is currently semi-retired as President of Harrison CPA & Consulting, P.C., a tax compliance, tax preparation, and business consulting firm, which has been in business since 1995. *Id*. Further, Mr. Harrison has experience overseeing attorneys, as he has hired attorneys for real estate, small claims, and estate planning matters. *Id*. Mr. Harrison is co-trustee of the Trust. *Id*. As co-trustee, he is individually authorized to act on behalf of the Trust in all respects, including this lawsuit. *Id*. All transactions in Xerox made in the Trust's account that are the subject of the Actions were executed by Mr. Harrison. Mr. Harrison also individually invested in Xerox. *Id*. Likewise, Mr. Harrison's certification pursuant to the federal securities laws, his declaration detailing his motivation and intention to oversee this litigation, and his selection of experienced and capable counsel in Levi & Korsinsky, LLP demonstrate that Mr. Harrison will adequately represent the interests of the proposed class. Accordingly, Mr. Harrison has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.

As Mr. Harrison has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### C.   No Proof Exists to Rebut the Presumption in Favor of Mr. Harrison's Appointment as Lead Plaintiff.

Importantly, because Mr. Harrison has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Harrison as Lead Plaintiff can only be rebutted with "proof" that Mr. Harrison is somehow atypical or inadequate. 15 U.S.C. § 78u-

7

4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840, at *14 (S.D.N.Y. Jan. 15, 2021) (citing *Foley,* 272 F.R.D. at 133 ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.")). No such proof exists here. Mr. Harrison has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Harrison is both typical and adequate and his Motion should be granted in its entirety.

## III.    CONCLUSION

For the foregoing reasons, Mr. Harrison respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Mr. Harrison as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: February 4, 2025                              Respectfully Submitted,


                                                     **LEVI & KORSINSKY, LLP**

                                                     By: */s/ Adam M. Apton*
                                                     Adam M. Apton (AS-8383)
                                                     33 Whitehall Street, 17th Floor
                                                     New York, NY 10004
                                                     Tel: (212) 363-7500
                                                     Fax: (212) 363-7171
                                                     Email: aapton@zlk.com

                                                     *Lead Counsel for Richard A. Harrison,*
                                                     *individually and on behalf of the*
                                                     *HARRISON LIVING TRUST, dated*
                                                     *December 14, 2004 and [Proposed] Lead*
                                                     *Counsel for the Class*

8