**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACOB WILSON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-08809-DEH |
| Plaintiff, | |
| v. | |
| XEROX HOLDINGS CORPORATION, STEVEN J. BANDROWCZAK, and XAVIER HEISS, | |
| Defendants. | |

**JACOB WILSON'S OPPOSITION TO THE COMPETING MOTION FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Plaintiff and Lead Plaintiff Movant Jacob Wilson ("Wilson") submits this memorandum of law in opposition to the competing motion of Richard A. Harrison ("Harrison") for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 23). Harrison should be disqualified from consideration for appointment because he sold call options short and is therefore atypical, inadequate, and subject to unique defenses. Wilson has the next largest financial interest and is adequate to represent the class. As such, Wilson should be appointed as lead plaintiff and his selection of counsel should be approved.

## I.     INTRODUCTION

Wilson and Harrison filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 20, 23.

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the presumption moves to the plaintiff with the next largest financial interest until a suitable lead plaintiff is identified.

Here, while Harrison narrowly claims a larger financial interest than Wilson—$10,070 versus $15,745 (Dkt. Nos. 22-2, 25-2)—Harrison is inadequate, atypical, and subject to unique

1

defenses because he engaged in substantial options short selling. Courts routinely disqualify similar movants because short selling is atypical of the trading of the rest of the class, and because short selling opens up the movant to unique reliance-based defenses. Harrison should be disqualified on the same basis.

Wilson is the only remaining *bona fide* plaintiff and has a substantial financial interest in the relief sought by the class. Wilson also satisfies the typicality and adequacy requirements of Rule 23. As such, Wilson is the presumptively most adequate plaintiff. Since there is no basis to rebut this presumption, Wilson should be appointed as lead plaintiff, and his selection of counsel should be approved.

## II.    HARRISON SHOULD BE DISQUALIFIED BECAUSE HE SOLD SHORT

Harrison sold call options short. *See* Dkt. No. 25-2 at 3. A call options short seller makes money if the stock price stays below the call option strike price. Selling call options is similar to selling stock short—both are bets that a company's stock price will go down.[1] Here, Harrison's bet against Xerox worked out—he earned (gained) $1,925 selling call options short during the class period. *See id.*

Courts routinely disqualify short sellers from consideration for appointment as lead plaintiff on the basis that short selling makes them atypical and subject to unique reliance-based defenses. *See Rodriguez v. DraftKings Inc.*, No. 21-cv-5739, 2021 WL 5282006, at *10-11 (S.D.N.Y. Nov. 12, 2021) (declining to appoint a short seller as lead plaintiff in part because his "short-selling and day trading leaves him vulnerable to attacks that he did not rely on the market

---

[1] *See Investopedia*, "What Is a Short Call in Options Trading, and How Does It Work?," available at https://www.investopedia.com/terms/s/short-call.asp (last visited February 4, 2025) ("A short call is an options trading strategy that involves a trader selling . . . a call option with the expectation that the price of the underlying asset will drop.").

price" and "the interests of the class disfavor exposing it to the risk that his history will dog him");

*see also In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1109 (N.D. Cal. 2001) ("It is a poor choice to appoint a class representative who engaged in a trading practice premised on the belief the stock would fall. . . . Short sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny."); *Marcus v. J.C. Penney Co., Inc.*, No. 6:13-cv-736, 2014 WL 11394911, at *7 (E.D. Tex. Feb. 28, 2014) (disqualifying movant who engaged in "short selling shares and buying to cover those short sales" because "[s]uch a trading practice would be atypical of the class as profit accrues when the price of the security decreases"); *Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 392 (D.N.J. 1998) (movant "will not be able to benefit from the fraud on the market theory to the extent he was a short seller"). The same result is warranted here with respect to Harrison—he should be disqualified from consideration for appointment as lead plaintiff.

## III.    WILSON SHOULD BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF AND THE PRESUMPTION HAS NOT BEEN REBUTTED

Wilson is the only remaining movant, has the largest financial interest, filed a timely motion, and satisfies the preliminary requirements of Rule 23. As such, he is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Wilson is the most adequate plaintiff may be rebutted only upon "proof" that he "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof can be presented. Wilson is not aware of any reason he would be incapable of serving as lead plaintiff. Wilson was the initial (and only) investor to file a complaint on behalf of the class. Wilson has been investing for approximately 25 years, is an attorney, and previously worked as a banker in the financial industry from 2003 to 2013. As such,

Wilson is more than adequate to represent the class and should be appointed as lead plaintiff, and no other movant is entitled to further consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

## IV.    WILSON'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Here, Wilson selected Glancy Prongay & Murray LLP as lead counsel for the class. The firm filed the initial complaint in this action on behalf of Wilson following an investigation into the claims. The firm also has decades of experience successfully representing injured investors. *See* Dkt. Nos. 22-3. As such, Wilson's selection of counsel should be approved.

## V.    CONCLUSION

For the foregoing reasons, Wilson respectfully requests that the Court grant his motion and enter an Order: (1) appointing Wilson as lead plaintiff; (2) approving Wilson's selection of counsel; and (3) denying Harrison's motion.

Respectfully submitted,

DATED: February 4, 2025

**GLANCY PRONGAY & MURRAY LLP**

By: __/s/ Gregory B. Linkh__
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay

4

Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
        clinehan@glancylaw.com
        prajesh@glacnylaw.com

*Counsel for Jacob Wilson and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

5

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel for Jacob Wilson certifies that this brief contains 1,221 words, which complies with the word limit of L.R. 7.1(c).


                                                    */s/ Gregory B. Linkh*
                                                    Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 4, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 4, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh