**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACOB WILSON, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>XEROX HOLDINGS CORPORATION, STEVEN J. BANDROWCZAK, and XAVIER HEISS,<br><br>               Defendants. | Case No. 1:24-cv-08809-DEH |

**JACOB WILSON'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Plaintiff and Lead Plaintiff Movant Wilson[1] submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 20). As explained in prior briefing, while Harrison claims a larger loss than Wilson, Harrison should be disqualified because he sold call options short and is therefore atypical, inadequate, and subject to unique defenses. Since Wilson is the only remaining movant, has the next largest financial interest, and is adequate to represent the class, Wilson should be appointed as lead plaintiff and his selection of counsel should be approved.

Harrison argues for the first time in his opposition memorandum (Dkt. No. 21, "Harrison Opp.") that his call option sales were part of a covered call trading strategy. *See* Harrison Opp. at 5 n.2. Harrison argues further in his reply memorandum (Dkt. No. 36, "Harrison Reply") that "[a] 'covered call' investment strategy does not make Mr. Harrison a 'short seller.'" *See* Harrison Reply at 1-2. Harrison is playing with semantics. A covered call investment strategy necessarily involves both buying stock and selling call options short—which is short selling. Short selling is short selling, even if part of a larger strategy. And the problem with short selling is that it is a bet the company's stock price will fall—which is atypical of and contrary to the trading practices of the rest of the class. *See In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1109 (N.D. Cal. 2001) ("It is a poor choice to appoint a class representative who engaged in a trading practice premised on the belief the stock would fall."); *Schaeffer v. Depaolo*, 2023 WL 5153481, at *7 (E.D.N.Y. Aug. 10, 2023) ("The Court takes note of the abundant case law declining to appoint lead plaintiffs who engage in short selling of the securities at issue in the litigation.") (collecting

---

[1] All capitalized terms herein shall have the same meaning as in Wilson's opposition memorandum (Dkt. No. 32).

cases). Here, Harrison sold calls short and he admits he made money on his short calls when Xerox's stock price fell. He should similarly be disqualified as a short seller.

Harrison identifies one action in which a court appointed a movant that engaged in a covered call investment strategy a lead plaintiff. *See* Harrison Opp. at 5 n.2 (citing *Chauhan v. Intercept Pharms.*, 2021 WL 235890, at *6 (S.D.N.Y. Jan. 25, 2021)). However, as an initial matter, *Chauhan* is not binding on this Court. Moreover, the *Chauhan* holding was premised on the reasoning that "[t]he competing movants . . . offer no evidence of . . . material short sales." *Id.* It is unclear whether *Chauhan* stands for the proposition that selling call options short as part of a covered call strategy is not "short selling" or whether the movant in *Chauhan* did not sell enough to be "material." Regardless, selling call options as part of a covered call strategy is still short selling—as it is selling a security the seller did not previously own, which earns money for the seller if the company's stock price falls (or stays below a certain price). Also, Harrison's short sales were material relative to his total trading. He sold options contracts representing 2,500 shares—25 call options contracts, each representing 100 shares. *See* Dkt. No. 25-2. By comparison, Harrison only purchased 3,000 shares. *Id.* As such, Harrison sold a material amount of call options short and should be disqualified on that basis.

Notably, Defendants' attacks on Harrison's short sales need not ultimately be successful to disqualify Harrison at this stage. The fact that the issues surrounding Harrison's short sales will "dog him" in the litigation is sufficient to disqualify him now. *See Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *10 (S.D.N.Y. Nov. 12, 2021) (disqualifying a movant because "[t]he question whether [movant's] trading practice [will] compromise his claims and his adequacy as a class representative is sure to arise in the litigation" and "that potential to distract militates against his appointment"). As such, Harrison should be disqualified.

For the foregoing reasons, Wilson respectfully requests that the Court grant his motion and enter an Order: (1) appointing Wilson as lead plaintiff; (2) approving Wilson's selection of counsel; and (3) denying Harrison's motion.

Respectfully submitted,

DATED: February 12, 2025

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
      clinehan@glancylaw.com
      prajesh@glacnylaw.com

*Counsel for Jacob Wilson and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

3

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Jacob Wilson certifies that this brief contains 712 words, which complies with the word limit of L.R. 7.1(c).

/s/ Gregory B. Linkh
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 12, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 12, 2025, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh